# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF DURHAM, NORTH CAROLINA,<br><br>*Defendant*. | Case No. 1:24-cv-00838 |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF
## AND PARTICIPATE IN ORAL ARGUMENT

The American Alliance for Equal Rights respectfully moves for leave to file an amicus brief in support of neither party and in opposition to the proposed consent decree. The United States does not oppose that request, and the City of Durham takes no position. Additionally, the Alliance seeks leave to present argument at any future hearings, including any additional hearing on the decree's preliminary approval and the ultimate fairness hearing. The parties take no position on that request but reserve the right to do so once hearings are scheduled. The Alliance's proposed amicus brief is attached to this motion.

The Alliance is a non-profit membership organization dedicated to protecting every American—of every race—from all forms of racial discrimination. It has substantial experience litigating the legality of racial preferences, challenging many such programs both in government and in the private sector. *E.g.*, *AAER v. Fearless Fund*, 103 F.4th 765 (11th Cir. 2024) (race-based grant program by private company); *AAER v. Founders First CDC*, 2025 WL 3625684 (N.D. Tex. July 31) (same); *AAER v. Zamanillo*, No. 1:24-cv-509 (D.D.C. Feb. 22, 2024) (ethnicity-based fellowship by federal government); *AAER v. Ivey*, 2024 WL 1181451 (M.D. Ala. Mar. 19) (race-based quota by state government).

1

This case directly implicates the Alliance's mission. The government's shockingly broad theory of disparate-impact liability, if approved, will force employers to inject race throughout their decisionmaking. And here, if the proposed consent decree is approved, firefighters in Durham will be selected based on race, rather than on merit alone. *See, e.g.*, Doc.2-2 ¶34 (City will scrap its race-neutral exam for firefighters); ¶62-63 (City will offer "priority hiring" exclusively to black applicants). That kind of discrimination is wrong, outdated, and illegal.

The Alliance's brief and oral argument will assist this Court. Responding to the Court's December 16 request for supplementary briefing, the brief explains why the consent decree is subject to—and fails to satisfy—the Supreme Court's decision in *Ricci v. DeStefano*, 557 U.S. 557 (2009). The Alliance has expertise on this issue, as it regularly litigates statutory and constitutional claims of race discrimination and the legality of race-based affirmative action. Because both the United States and the City of Durham support the proposed consent decree, moreover, the Alliance will be the *only* one presenting adversarial argument on these issues. The need for amici here is greatest since, in our system, "strong (but fair) advocacy on behalf of opposing views promotes sound decision making." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.); *accord Voices for Choices v. Ill. Bell. Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (amicus brief should be permitted when it "present[s] ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs").

No party will be prejudiced by the Alliance's participation via brief or oral argument. No one has a valid interest in getting a consent decree approved without adversarial testing, and this Court has a duty to carefully review the consent decree before giving it the judicial imprimatur. The Alliance's participation will help this Court discharge that duty. Courts thus

2

"often" welcome broader-than-normal participation of amici in this context. *Wharton v. Vaughn*, 2020 WL 733107, at *5 & n.4 (E.D. Pa. Feb. 12) (collecting cases); *accord, e.g.*, *United States v. City of Portland*, 2013 WL 12309780, at *8 (D. Or. Feb. 19) (letting nonprofit advocacy group participate in consent-decree proceedings as if it were a party). The Alliance also met this Court's deadline for the parties' supplemental briefs—even filing a day early to give the parties a chance to engage with its arguments in their briefs.

* * *

For all these reasons, the Alliance respectfully asks this Court to grant its motion for leave to file an amicus brief and to give it permission to present oral argument at any future hearings on the consent decree.

Date: January 14, 2025

Respectfully submitted,

*/s/ Gilbert C. Dickey*
Thomas R. McCarthy*
Cameron T. Norris*
Gilbert C. Dickey (NC Bar 58350)
Paul R. Draper*
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com
paul@consovoymccarthy.com

*pro hac vice forthcoming

*Counsel for Amicus Curiae*
*American Alliance for Equal Rights*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with Local Rules 7.1(a) because it is prepared in a proportionally spaced face using 13-point Garamond font.

*/s/ Gilbert C. Dickey*
Counsel for AAER

**PROOF OF SERVICE**

On January 14, 2025, I filed the foregoing motion using the Court's CM/ECF system, which will email everyone requiring notice.

*/s/ Gilbert C. Dickey*
Counsel for AAER

4

Case 1:24-cv-00838-TDS-JEP    Document 14    Filed 01/14/25    Page 4 of 4