Exhibit 9

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 5:15-cv-234 |
| | ) |
| CITY OF LUBBOCK, TEXAS, | ) |
| | ) |
| Defendant. | ) |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.  BACKGROUND AND STIPULATIONS ........................................................................... 1

    A.  Probationary Police Officer Selection Process ............................................................ 2

    B.  The Police Written Entrance Exam .............................................................................. 3

    C.  The Physical Fitness Test ............................................................................................. 4

II.  DEFINITIONS .................................................................................................................... 5

III.  PURPOSES OF THE CONSENT DECREE ...................................................................... 8

IV.  FAIRNESS HEARING ON THE TERMS OF THE CONSENT DECREE ...................... 9

    A.  Provisional Entry of this Decree .................................................................................. 9

    B.  Claims Administrator ................................................................................................... 9

    C.  Notice of Settlement to Applicants ............................................................................ 10

    D.  Notice of Settlement to Other Interested Parties ....................................................... 11

    E.  Objections to Entry of the Consent Decree ............................................................... 13

    F.  Final Entry of the Consent Decree ............................................................................. 14

V.  GENERAL INJUNCTIVE RELIEF .................................................................................. 14

    A.  Injunctions .................................................................................................................. 14

    B.  Interim Selection Process ........................................................................................... 16

    C.  Decree Compliance Officer ....................................................................................... 16

    D.  Development and Use of Lawful Selection Devices ................................................. 17

VI.  INDIVIDUAL RELIEF ..................................................................................................... 19

    A.  Two Forms of Individual Relief ................................................................................ 19

    B.  Deposit into Settlement Funds ................................................................................... 19

    C.  Notice of Entry of Consent Decree to Applicants ..................................................... 20

    D.  Submission of Interest-in-Relief Forms by Potentially Eligible Applicants ............. 21

    E.  Determination of Claimants' Eligibility for Individual Relief .................................. 22

    F.  Monetary Relief ......................................................................................................... 23

    G.  Priority Hiring Relief ................................................................................................. 24

    H.  Proposed Individual Relief Awards Lists .................................................................. 24

VII.  FAIRNESS HEARING ON INDIVIDUAL RELIEF ....................................................... 25

    A.  Filing of Proposed Individual Relief Awards Lists with the Court ........................... 25

    B.  Fairness Hearing on Individual Relief ....................................................................... 26

    C.  Notice of Preliminary Eligibility Determinations to Claimants ................................ 26

|       | D. Objecting to Individual Relief Determinations | 27 |
|       | E. Filing Objections to Individual Relief | 28 |
|       | F. Amendment to Preliminary Individual Relief Awards Lists | 28 |
|       | G. Approval of Final Individual Relief Awards Lists | 29 |
| VIII. | EXECUTION OF INDIVIDUAL RELIEF | 29 |
|       | A. Notice of Individual Relief Awards and Acceptance and Release | 29 |
|       | B. Acceptance of Individual Relief | 30 |
|       | C. Issuance of Back Pay Award Checks by City | 33 |
|       | D. Priority Hiring Relief | 36 |
|       | i. Priority Hiring Relief Awarded to Eligible Claimants Identified in Paragraph 97(a) | 37 |
|       | ii. Priority Hiring Relief Awarded to Incumbent Police Officers Pursuant to Paragraph 97(b) | 40 |
|       | iii. Retroactive Pension Benefits | 41 |
| IX.   | RECORD KEEPING AND COMPLIANCE MONITORING | 42 |
| X.    | DISPUTE RESOLUTION | 43 |
| XI.   | DURATION OF THE CONSENT DECREE | 44 |
| XII.  | COSTS AND FEES | 44 |
| XIII. | MISCELLANEOUS | 45 |

under this Decree, except for good cause as determined by the United States and approved by the Court if the City objects to the United States' determination.

52. The submission date of each Interest-in-Relief Form shall be the date on which the form was e-mailed to the Claims Administrator, as determined by the e-mail date stamp, or the date on which the form was mailed to the Claims Administrator, as determined by the postmark. In the event the postmark is missing or illegible, the submission date of the Interest-in-Relief Form shall be deemed to be five (5) days prior to the date the form was received by the Claims Administrator.

53. No later than ten (10) days after the deadline for submission of Interest-in-Relief Forms to the Claims Administrator (eighty-five (85) days after entry of this Decree), the Claims Administrator shall provide to the Parties copies of all Interest-in-Relief Forms received by the Claims Administrator. Interest-in-Relief Forms received by the Claims Administrator more than ten (10) days after the deadline for submission of claim forms will be provided to the Parties on a weekly rolling basis.

### E. Determination of Claimants' Eligibility for Individual Relief

54. The United States will determine whether a Claimant is eligible for individual relief under this Decree.

55. A Claimant is eligible for monetary relief (*i.e.*, back pay) under this Decree if the Claimant:

    a. Identified as Hispanic when applying for any of the City's selection processes for the probationary police officer position from January 16, 2010, to June 6, 2015, failed the Police Written Entrance Exam (after having sat for the entire exam and marking answers as directed), and met the minimum

   qualifications set forth in Paragraph 57, below, at the time the Claimant was disqualified by the Police Written Entrance Exam; or

  b. Identified as female when applying for any of the City's selection processes for the probationary police officer position from January 16, 2010, to June 6, 2015, failed the PFT, and met the minimum qualifications set forth in Paragraph 57, below, at the time the Claimant was disqualified by the PFT.

56. A Claimant is eligible for priority hiring relief under this Decree if the Claimant satisfies the criteria in Paragraph 55, above, and currently meets the minimum qualifications set forth in Paragraph 57, below, with the exception of the maximum age requirement.

57. The minimum qualifications for hire as a probationary police officer with the Lubbock Police Department are:

  a. Applicants must possess a high school diploma (or equivalent) at the time of application to take the written exam.

  b. Applicants must be between 20 1/2 and 45 years of age on the day of the written exam.

  c. Applicants must not have been convicted of a felony or class-A misdemeanor ever, or a class-B misdemeanor in the ten years preceding the application to take the written exam.

  d. Applicants must be a U.S. Citizen.

### F. Monetary Relief

58. The United States shall determine the Claimants eligible for a back pay award under Paragraph 55. In order to be eligible for monetary relief, a Claimant need not express

an interest in, or be eligible for, priority hiring relief or accept an offer of employment in the probationary police officer position in the Lubbock Police Department.

59. The United States shall determine each eligible Claimant's back pay award from the appropriate Settlement Fund, such that awards from a Settlement Fund are distributed among all eligible Claimants who sought monetary relief, taking into account when each Claimant was disqualified by either the Police Written Entrance Exam or the PFT. Back pay awards to Hispanic Claimants who were disqualified by the City's use of the Police Written Entrance Exam test shall be paid from Settlement Fund I. Back pay awards to female Claimants who were disqualified by the City's use of the PFT shall be paid from Settlement Fund II.

### G. Priority Hiring Relief

60. The United States shall determine the Claimants eligible to participate in the priority hiring selection process subject to Paragraph 56, above. Eligibility to participate in the priority hiring selection process does not ensure a Claimant will receive from the City an offer of priority hire.

### H. Proposed Individual Relief Awards Lists

61. No later than one hundred twenty (120) days after entry of this Decree, the United States shall provide the City with:

    a. A Proposed Back Pay Awards List that identifies all Claimants it finds eligible for back pay relief based on the Interest-in-Relief Forms received by the Claims Administrator, as well as the amount of back pay that the United States has determined should be awarded to the Claimant and the specific Settlement Fund from which the award will be paid; and