UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF DURHAM, NORTH CAROLINA,<br><br>　　　　Defendant. | Case No. 1:24-cv-838-TDS-JEP |

## MOTION TO FILE UNDER SEAL

Plaintiff United States of America (United States) respectfully moves to file portions of its Brief Regarding Applicability of *Ricci v. DeStefano* to Motion for Provisional Approval and Entry of Consent Decree under seal. *See* LR 5.4(b)(1)(b), 5.4(c)(1)(a), 5.4(c)(4)(b).[1] Specifically, the United States, although not the party claiming confidentiality, requests that the Court seal those portions of the Brief and the attached exhibits that implicate a confidentiality agreement that the United States, the City of Durham, and Fire and Police Selection, Inc. (FPSI) executed in November 2021 to protect FPSI's proprietary business information during the United States' investigation of

---

[1] In accordance with LR 5.4(c)(8), the United States filed public, redacted versions of its Brief Regarding Applicability of *Ricci v. DeStefano* to Motion for Provisional Approval and Entry of Consent Decree and supporting exhibits on the docket. The United States will also file a complete version of the Brief and supporting exhibits under temporary seal with all information it seeks to seal highlighted. In accordance with LR 5.4(c)(6), the United States will also submit a Checklist and Summary Chart to the Court's ECF mailbox by January 21, 2025.

the Durham Fire Department (DFD).[2]

"While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citation omitted). Sealing confidential business information may be appropriate absent an improper purpose and countervailing interests. *See Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014). In order to determine whether confidential business information should be sealed, courts consider: (1) "whether the party has shown that the information sought to be sealed is confidential"; (2) "whether disclosure would harm the party's competitive standing or otherwise harm its business interests"; (3) "whether the motion is narrowly tailored"; and (4) "whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information." *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018).

The United States files this motion to comply with its obligations governing the treatment of confidential information provided to the Department of Justice by FPSI during its pre-complaint investigation of DFD and to give the City of Durham and FPSI the opportunity to consider whether to ask the Court to seal portions of the Brief and the attached exhibits on a permanent basis. The United States is not the party claiming

---

[2] This motion constitutes the first motion to seal under LR 5.4(b)(1)(b). In accordance with the Rule, the United States, the City of Durham, and Fire and Police Selection, Inc. will meet and confer and file a LR 5.5 Report within 10 days, i.e., by January 27, 2025.

confidentiality with respect to the information that is the subject of this motion. However, both the United States in its Brief and the United States' expert in his declaration have relied on information from FPSI that it designated as confidential pursuant to the November 2021 confidentiality agreement—specifically, documents and materials related to FPSI's development of and validation strategy for the Comprehensive Examination Battery (CEB) that is the subject of the United States' Complaint. It is the United States' understanding that these documents and materials may constitute confidential business information, and that the City of Durham and/or FPSI are in the best position to provide materials in support of sealing under LR 5.4(c)(3).

The United States will provide FPSI with notice of this information being filed under seal. Defendant Durham consents to the relief requested in this motion. A proposed order is attached.

Dated: January 15, 2025          Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD
Chief
Employment Litigation Section

CLARE GELLER
Deputy Chief
Employment Litigation Section

*/s/ Emily Given*
EMILY GIVEN
NY Bar No. 5420211
ROBERT RICH

3

DC Bar No. 1016908
Senior Trial Attorneys
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5696
(202) 598-9898
Emily.Given@usdoj.gov
Robert.Rich@usdoj.gov

*Counsel for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025, I electronically filed the foregoing motion using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Emily Given*
