UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF DURHAM, NORTH CAROLINA,<br><br>  Defendant. | Case No. 1:24-cv-838-TDS-JEP |

**LR 5.5 REPORT FOR THE FILING OF SEALED DOCUMENTS**

☑ Conference: The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

☑ Non-Parties: Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or expected to be filed in this case, the conference included Fire and Police Selection, Inc. (FPSI), represented by President Stacy Bell.

☑ Default: The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party

filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

☐ Alternative Proposal for Cases with Many Confidential Documents. In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the attached proposal, either jointly or as competing alternatives, for consideration by the Court.

☑ Other relevant information: Consistent with the confidentiality agreement executed by the parties and by FPSI in November 2021, if the proposed consent decree (ECF No. 2-2) is not approved by this Court and litigation ensues, the parties will attempt in good faith to negotiate the terms of a stipulated protective order to govern the treatment of confidential information. Any such proposed order will be consistent with the Local Rules.

Dated: January 27, 2025          Respectfully submitted,

Kathleen Wolfe
Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice

KAREN D. WOODARD

Chief
Employment Litigation Section

CLARE GELLER
Deputy Chief
Employment Litigation Section

*/s/ Emily Given*
EMILY GIVEN
NY Bar No. 5420211
ROBERT RICH
DC Bar No. 1016908
Senior Trial Attorneys
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5696
(202) 598-9898
Emily.Given@usdoj.gov
Robert.Rich@usdoj.gov

*Counsel for Plaintiff United States of America*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2025, I electronically filed the foregoing Report using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<em>/s/ Emily Given</em>