UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

CITY OF DURHAM, NORTH CAROLINA,

   Defendant.

Case No. 1:24-cv-838

## NOTICE OF VOLUNTARY DISMISSAL

  Plaintiff United States of America hereby dismisses the above-captioned case pursuant to Federal Rule of Civil Procedure 41(a)(1). The United States has determined not to proceed further in this matter.

  "[P]laintiffs may voluntarily dismiss their claims without a court order." *Frank v. Gaos*, 586 U.S. 485, 492 (2019) (citing Fed. R. Civ. P. 41(a)(1)(A)). Indeed, a plaintiff's voluntary dismissal of a case under Rule 41(a)(1)(A)(i) before the defendant either files an answer or moves for summary judgment is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (collecting authorities). The plaintiff's notice of voluntary dismissal "itself closes the file"; nothing is required from the court and there is "nothing the defendant can do to fan the ashes of that action into life." *Id.* at 546 n.2 (citation omitted). Indeed, the district

1

court is divested of jurisdiction in the case after the plaintiff's filing of a notice of voluntary dismissal—the case cannot be reopened and no party can intervene. *See Emory v. Lowe's Home Ctrs., LLC*, No. 7:20-cv-629, 2021 WL 5361834, at *1 (D.S.C. Jan. 21, 2021) (collecting Fourth Circuit authorities).

Under Rule 41(a)(1)(A)(i)'s plain terms, the only two things that can prevent a plaintiff's voluntary dismissal without a court order are a defendant's service of either an answer or a motion for summary judgment. This plain text controls. *See Marex Titanic*, 2 F.3d at 547 & n.6. It therefore does not matter if the parties or the court has expended time and effort to address other filings in a case, or if the court has begun considering the evidence in the case. *See id.* at 547 & n.5.

Here, the City of Durham has not served the United States with either an answer or a motion for summary judgment. The United States therefore has the right to voluntarily dismiss this case without a court order, and it hereby does so.

2

Dated: February 25, 2025

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

CHAD MIZELLE
Acting Associate Attorney General

JASON MANION
Counselor to the Associate
Attorney General

ANDREW McCOY WARNER
Deputy Assistant Attorney
General Civil Rights Division

KAREN D. WOODARD
Chief
Employment Litigation Section

CLARE GELLER
Deputy Chief
Employment Litigation Section

*/s/ Emily Given*
EMILY GIVEN
NY Bar No. 5420211
ROBERT RICH
DC Bar No. 1016908
Senior Trial Attorneys
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5696
(202) 598-9898
Emily.Given@usdoj.gov
Robert.Rich@usdoj.gov

RANDALL S. GALYON
Acting United States Attorney
Middle District of North Carolina

*/s/ Lynn P. Klauer*
LYNNE P. KLAUER
Assistant United States Attorney
NCSB #13815
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: (336) 333-5351
Email: lynne.klauer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2025, I electronically filed the foregoing Notice of Voluntary Dismissal using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Emily Given*